UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

THOMAS D. KING
a/k/a Tom King

Case No.     3:05-cr 52-J-99mmH
Cts. 1-10:   18 U.S.C. § 1341
Cts. 11-20:  18 U.S.C. § 1343
Cts. 21-23:  18 U.S.C. § 1956(a)(1)(A)(i)
Forfeiture:  18 U.S.C. § 981(a)(1)(C) &
             28 U.S.C. § 2461(c)
             18 U.S.C. § 982(a)(1)

## INDICTMENT

The Grand Jury charges:

### COUNTS ONE THROUGH TEN
### (MAIL FRAUD)

#### A. INTRODUCTION

At all times material herein, unless otherwise specified:

#### THE DEFENDANT

1. THOMAS D. KING was a resident of Jacksonville, Florida, who owned and operated Miralink Group, Inc.

#### BACKGROUND AND WORKERS' COMPENSATION INSURANCE

2. Miralink Group, Inc., a/k/a Miralink, was headquartered in Jacksonville, Florida, and operated as a professional employee organization (PEO) to client companies in the State of Florida and several other states. Miralink represented to its client companies that the client companies' employees were covered with workers' compensation insurance through an alleged insurance company identified as Regency

Insurance of the West Indies, Ltd.

3. Regency Insurance of the West Indies, Ltd., a/k/a Regency Limited, a/k/a Regency, was a name used for a purported insurance company which provided sham workers' compensation insurance coverage. Regency was reportedly located in Capistrano Beach, California, and was not authorized by any state in the United States to provide (write) workers' compensation insurance.

4. In the State of Florida, except for limited circumstances which are not applicable here, employers must secure workers' compensation insurance (WCI) for the benefit and protection of employees. WCI is designed to pay various medical expenses, lost wages, and other benefits for employees injured or killed while on the job. WCI is a form of state-mandated no-fault liability insurance where employers are liable for any losses that an employee suffers from occupational injury or illness, in the scope and course of employment, regardless of who was at fault. Employees do not have to prove employer negligence to collect benefits and pay no part of the cost of the insurance. The cost of WCI is paid entirely by the employer.

5. In order to lawfully provide WCI coverage (write WCI policies) in the State of Florida, insurance companies must obtain a Certificate of Authority (COA) from the State. Regency never applied for or was issued a COA to write WCI in the State of Florida. One purpose for requiring a COA is to protect employees and employers by ensuring that insurance companies providing WCI are financially solvent and have the necessary capital to pay WCI claims. In order to further protect employees, all WCI carriers in the State of Florida are required to make payments into a reserve fund (Florida Workers' Compensation Guarantee Fund), which monies are used to pay WCI

claims should a WCI carrier become insolvent.

6. To establish proof of WCI coverage, insurance companies or their authorized representatives produce a single page document commonly known to as a Certificate of Insurance (COI). When properly prepared, a COI identifies the name of the insurance company, the type of coverage, the effective dates of coverage and the policy number. COIs are issued so that there is documentary proof that WCI is in place.

## PROFESSIONAL EMPLOYEE ORGANIZATIONS

7. Professional Employee Organizations (PEOs), commonly referred to as employee leasing businesses, employ workers who are then leased to other businesses ("client companies"). PEOs are required to secure WCI for the employees leased to their client companies. PEOs collect payments from their client companies which are used to pay the cost of WCI premiums.

## B. SCHEME AND ARTIFICE

Between in or about February 2002, through on or about June 25, 2002, at Jacksonville, in the Middle District of Florida, and elsewhere,

THOMAS D. KING
a/k/a Tom King

the defendant herein, did knowingly and willfully devise and intend to devise a scheme and artifice to defraud, and for obtaining money by means of materially false and fraudulent pretenses, representations and promises.

## C. MANNER AND MEANS

1. It was part of the scheme and artifice that THOMAS D. KING, acting by and through Miralink, would use Regency as Miralink's WCI carrier, knowing that Regency did not have the lawful authority to write or provide WCI in the State of Florida, and that it was illegal to do so.

2. It was further part of the scheme and artifice that THOMAS D. KING, acting by and through Miralink, would defraud Miralink's client companies into paying workers' compensation insurance premiums for illegal, fraudulent, and unauthorized workers' compensation insurance.

3. It was further part of the scheme and artifice that THOMAS D. KING, acting by and through Miralink, would and did contract with Interstate Administrative Services, d/b/a TPA One, in Danville, Illinois, to function as Miralink's servicing agent (third party administrator) in connection with Miralink's alleged WCI provider, Regency.

4. It was further part of the scheme and artifice that THOMAS D. KING, acting by and through Miralink, would and did bill its client companies for WCI

premiums, and that Miralink would and did collect the sum of approximately $5.6 million from its client companies in WCI premiums.

5. It was further part of the scheme and artifice that THOMAS D. KING, acting by and through Miralink, would and did collect premium payments from client companies by falsely and fraudulently representing to the client companies that the employees leased to the client companies' were covered by a legitimate workers' compensation insurance carrier, when, in fact, they were not.

6. It was further part of the scheme and artifice that THOMAS D. KING, acting by and through Miralink, would and did falsely and fraudulently represent to Miralink client companies, that the employees leased to the client companies' were covered under Miralink's workers' compensation insurance policy, knowing that the alleged workers' compensation insurance company did not have the authority to transact business or provide insurance coverage in any states in which Miralink conducted business, including, Florida, Georgia, Illinois, Indiana, Tennessee, North Carolina, Virginia, and Alabama.

7. It was further part of the scheme and artifice that THOMAS D. KING, acting by and through Miralink, would and did deposit and cause to be deposited, premium payments for illegal and unauthorized workers' compensation insurance into Miralink bank accounts.

8. It was further part of the scheme and artifice that a portion of the workers' compensation premium payments collected from client companies by Miralink would be and was sent by way of electronic funds transfer to TPA One in Danville, Illinois, which, out of the $5.8 million collected in WCI premiums collected from client companies, Miralink paid approximately $918,792.38 in WCI premium payments to TPA One.

9.  It was further part of the scheme and artifice that THOMAS D. KING, acting by and through Miralink, would create and cause to be created false and fraudulent COIs in order to mislead client companies regarding their WCI coverage.

10. It was further part of the scheme and artifice that individuals associated with providing the alleged Regency WCI to Miralink, would and did send and cause to be sent fraudulent COIs to Miralink client companies by utilizing the United States Postal Service, interstate carriers, and facsimile transmissions.

11. It was further part of the scheme and artifice that THOMAS D. KING, acting by and through Miralink, would take any and all acts necessary to mislead Miralink's client companies into believing that the client companies' employees were covered under a legitimate and lawful WCI carrier.

### D. MAILINGS

On or about the dates set forth below in each count, at Jacksonville, in the Middle District of Florida,

THOMAS D. KING
a/k/a Tom King

the defendant herein, for the purpose of executing the aforesaid scheme and artifice to defraud, and for obtaining money by means of materially false and fraudulent pretenses, representations, and promises, did knowingly place and cause to be placed in a post office and authorized depository for mail matter, the following mail matter and things for delivery by the United States Postal Service and commercial interstate carriers as identified below to the addresses listed below:

| COUNT | DATE | ITEM MAILED | MAILED FROM | MAILED TO | CARRIER |
|---|---|---|---|---|---|
| ONE | 4/4/02 | check #6063 $22,527.06 | Home Instead Senior Care 1857 Wells Road Orange Park, FL | Miralink Group. Inc. 9210 Cypress Green Dr. Jacksonville, FL | USPS |
| TWO | 4/4/02 | COI | Miralink Group, Inc. 9210 Cypress Green Dr. Jacksonville, FL | Bath Time,Inc. 11215-11 St.Johns Industrial Parkway Jacksonville, FL | USPS |
| THREE | 4/12/02 | check #2562 $26,304 | Compensation Svs. Inc. 620 Peachtree St. Atlanta, Georgia | Miralink Group, Inc. 8131 Baymeadows Cir. W. Ste 204 Jacksonville, FL | USPS |
| FOUR | 4/23/02 | check #6086 $22,156.21 | Home Instead Senior Care 1857 Wells Road Orange Park, FL | Miralink Group, Inc. 9210 Cypress Green Dr. Jacksonville, FL | USPS |
| FIVE | 4/25/02 | invoice | Miralink Group, Inc. 8131 Baymeadows Cir. W. Ste 204 Jacksonville, FL | Palm Masonry 1808 North Central Ave. Flagler Beach, FL | FedEx |
| SIX | 5/2/02 | invoice | Miralink Group, Inc. 8131 Baymeadows Cir. W. Ste 204 Jacksonville, FL | Palm Masonry 1808 North Central Ave. Flagler Beach, FL | FedEx |
| SEVEN | 5/8/02 | COI | Miralink Group, Inc. 8131 Baymeadows Cir. W. Ste 204 Jacksonville, FL | Bath Time, Inc. 11215-11 St.Johns Industrial Parkway Jacksonville, FL | USPS |
| EIGHT | 5/9/02 | invoice | Miralink Group, Inc. 8131 Baymeadows Cir. W. Ste 204 Jacksonville, FL | Palm Masonry 1808 North Cental Ave. Flagler Beach, FL | FedEx |
| NINE | 5/17/02 | check #6136 $24,147.23 | Home Instead Senior Care 1857 Wells Road Orange Park, FL | Miralink Group, Inc. 9210 Cypress Green Dr. Jacksonville, FL | USPS |
| TEN | 6/14/02 | check #6166 $25,291.30 | Home Instead Senior Care 1857 Wells Road Orange Park, FL | Miralink Group, Inc. 9210 Cypress Green Dr. Jacksonville, FL | USPS |

In violation of Title 18, United States Code, Sections 1341 and 2.

7

# COUNTS ELEVEN THROUGH TWENTY
## (WIRE FRAUD)

### A. INTRODUCTION

Part A of Counts One through Ten of this Indictment is realleged and incorporated by reference as if fully set forth herein.

### B. SCHEME AND ARTIFICE

Between in or about February 2002, and on or about June 25, 2002, at Jacksonville, in the Middle District of Florida, and elsewhere,

THOMAS D. KING
a/k/a Tom King

the defendant herein, did knowingly and willfully devise and intend to devise a scheme and artifice to defraud and for obtaining money by materially false and fraudulent pretenses, representations and promises.

### C. MANNER AND MEANS

The allegations from Counts One through Ten in Section C, Manner and Means, are realleged and incorporated by reference as if fully set forth herein.

### D. EXECUTION

On or about the dates set forth below in each count, at Jacksonville, in the Middle District of Florida, and elsewhere, for the purpose of executing the aforementioned scheme and artifice, and attempting to do so, the defendant,

THOMAS D. KING
a/k/a Tom King

did knowingly transmit and caused to be transmitted in interstate commerce, from the locations set forth below, the items set forth below, by means of a wire communication, certain writings, signs, signals and sounds:

| COUNT | DATE | ITEM WIRED | WIRED FROM | WIRED TO |
|---|---|---|---|---|
| ELEVEN | 3/6/02 | $362,795.66 | Suntrust Acct. #3781666 Jacksonville, FL | First National of Danvile Acct. #071100858 Danville, IL |
| TWELVE | 3/6/02 | $132,206.79 | First Century Bank Acct. #620998 Bluefield, VA | AmSouth Bank Acct. #3840250245 Jacksonville, FL |
| THIRTEEN | 3/19/02 | $11,053.01 | Suntrust Acct. #0070003784150 Jacksonville, FL | Horizon Services, Inc. Bank of America Acct. #003272780202 Atlanta, GA |
| FOURTEEN | 4/19/02 | $124,658.02 | First Century Bank Acct. #620998 Bluefield, W. VA | AmSouth Bank Acct. #3840250245 Jacksonville, FL |
| FIFTEEN | 5/7/02 | $77,998.36 | AmSouth Acct. #3840250245 Jacksonville, FL | First National of Danville Acct. #071100858 Danville, IL |
| SIXTEEN | 5/17/02 | $125,868.42 | First Century Bank Acct. #620998 Bluefield, VA | AmSouth Bank Acct. #3840250245 Jacksonville, FL |
| SEVENTEEN | 5/21/02 | $20,463.87 | Suntrust Acct. #0070003784150 Jacksonville, FL | Horizon Services, Inc. Bank of America Acct. #003272780202 Atlanta, GA |
| EIGHTEEN | 5/28/02 | $100,000.00 | Suntrust Acct. #3781666 Jacksonville, FL | First National of Danville Acct. #071100858 Danville, IL |
| NINETEEN | 5/30/02 | $125,932.44 | First Century Bank Acct. #620998 Bluefield, VA | AmSouth Bank Acct. #3840250245 Jacksonville, FL |
| TWENTY | 6/17/02 | $123,904.43 | First Century Bank Acct. #620998 Bluefield, VA | AmSouth Bank Acct. #3840250245 Jacksonville, FL |

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNTS TWENTY-ONE THROUGH TWENTY-THREE
(MONEY LAUNDERING)

On or about the dates set forth below for each count, at Jacksonville, in the Middle District of Florida, and elsewhere,

THOMAS D. KING
a/k/a Tom King

the defendant herein, did conduct and attempt to conduct the financial transactions set forth below in each count, in and affecting interstate commerce, which transactions involved the proceeds of the specified unlawful activity, that is, mail fraud (18 U.S.C. 1341) and wire fraud (18 U.S.C. 1343), knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, with the intent to promote the said unlawful activity:

| COUNT | DATE | FINANCIAL TRANSACTION |
|---|---|---|
| Twenty-One | 3/6/02 | Wire transfer in the amount of $362,795.66 into First National of Danville, Illinois, Account No.071100858 from SunTrust, Jacksonville, Florida, Account No. 3781666 |
| Twenty-Two | 5/7/02 | Wire transfer in the amount of $77,998.36 into First National of Danville, Illinois, Account No.071100858 from AmSouth, Jacksonville, Florida, Account No. 3840250245 |
| Twenty-Three | 5/28/02 | Wire transfer in the amount of $100,000 into First National of Danville, Illinois, Account No.071100858 from SunTrust Bank, Jacksonville, Florida, Account No. 3781666 |

In violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2.

10

## FORFEITURES

## COUNTS ONE THROUGH TEN
(MAIL FRAUD)

1.  The allegations contained in Counts One through Count Ten of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.  From their engagement in the violations alleged in Counts One through Ten of this Indictment, punishable by imprisonment for more than one year, the defendants,

THOMAS D. KING
a/k/a Tom King

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all of their interest in any property constituting or derived from proceeds obtained directly or indirectly as a result of the violations of 18 U.S.C. § 1341, including but not limited to the following:

    a.    A sum of money equal to $120,425.80 in United States currency, representing the amount of proceeds obtained as a result of the offense, 18 U.S.C. § 1341 for which the defendants are jointly and severally liable;

    b.    2003 Chevrolet Hummer H2, VIN 5GRGN23U13H108125, Florida License Tag V39YLK; and

    c.    All United States currency, precious gemstones, precious metals, and jewelry sought or recovered on or about March 9, 2004 from the residence of THOMAS D. KING, the defendant, located at 2672 Seneca Drive,

Jacksonville, Florida, which includes a 3.01 carat diamond ring with mounting.

3. If any of the property described above, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), including but not limited to the following:

    1. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located in St. Johns County, Florida, Parcel ID Nos. 016890-0000/017670-0000/013630-0000, more particularly described in Exhibit A.

## COUNTS ELEVEN THROUGH TWENTY
## (WIRE FRAUD)

1.  The allegations contained in Counts Eleven through Count Twenty of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.  From their engagement in the violations alleged in Counts Eleven through Twenty of this Indictment, punishable by imprisonment for more than one year, the defendants,

>THOMAS D. KING
>a/k/a Tom King

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all of their interest in any property constituting or derived from proceeds obtained directly or indirectly as a result of the violations of 18 U.S.C. § 1343, including but not limited to the following:

   a.   A sum of money equal to $1,204,881.00 in United States currency, representing the amount of proceeds obtained as a result of the offense, 18 U.S.C. § 1343 for which the defendants are jointly and severally liable;

   b.   2003 Chevrolet Hummer H2, VIN 5GRGN23U13H108125, Florida License Tag V39YLK; and

   c.   All United States currency, precious gemstones, precious metals, and jewelry sought or recovered on or about March 9, 2004 from the residence of THOMAS D. KING, the defendant, located at 2672 Seneca Drive,

Jacksonville, Florida, which includes a 3.01 carat diamond ring with mounting.

3. If any of the property described above, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), including but not limited to the following:

    1. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located in St. Johns County, Florida, Parcel ID Nos. 016890-0000/017670-0000/013630-0000, more particularly described in Exhibit A.

## COUNTS TWENTY-ONE THROUGH TWENTY-THREE
### (MONEY LAUNDERING)

1. The allegations contained in Counts Twenty-one through Count Twenty-three of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), and/or Title 18, United States Code, Section 982(a)(1).

2. From their engagement in the violations alleged in Counts Twenty-one through Count Twenty-three of this Indictment, punishable by imprisonment for more than one year, the defendants,

THOMAS D. KING
a/k/a Tom King

   a. shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all of their interest in any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violations, and/or

   b. shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982, any and all right, title, and interest they may have in any property, real or personal, involved in such offenses, or any property traceable to such property, as a result of such violation of 18 U.S.C. § 1956(a)(1)(A)(i),

including but not limited to the following:

1. A sum of money equal to $540,794.02 in United States currency, representing the amount of proceeds obtained as a result of the offense, 18 U.S.C. § 1956(a)(1)(A)(i) for which the defendants are jointly and severally liable;

2. 2003 Chevrolet Hummer H2, VIN 5GRGN23U13H108125, Florida License Tag V39YLK; and

3. All United States currency, precious gemstones, precious metals, and jewelry sought or recovered on or about March 9, 2004 from the residence of THOMAS D. KING, the defendant, located at 2672 Seneca Drive, Jacksonville, Florida, which includes a 3.01 carat diamond ring with mounting.

3. If any of the property described above, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c) and/or under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), including but not limited to:

1. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located in St. Johns County, Florida, Parcel ID Nos. 016890-0000/017670-0000/013630-0000, more particularly described in Exhibit A.

A TRUE BILL,

_____
Foreperson

PAUL I. PEREZ
United States Attorney

By: _____
MARK B. DEVEREAUX
Assistant United States Attorney

By: _____
BRIAN M. KANE
Assistant United States Attorney
Chief, Jacksonville Division

# EXHIBIT

# A

OR 2246 PG 549

# EXHIBIT "A"

Part of Section 34, Township 6 South, Range 27 East, and part of Sections 3 & 37, Township 7 South, Range 27 East, St. Johns County, Florida, being more fully described as follows:

For the point of reference, COMMENCE at the Southeast corner of said Section 34, also being the Northeast corner of said Section 3; thence South 00 degrees, 14 minutes, 37 seconds East, along the East line of said Section 3, 720.07 feet, to the POINT OF BEGINNING; thence continue South 00 degrees, 14 minutes, 37 seconds East, 596.01 feet to the Southeast corner of the North half of the Northeast 1/4, as Monumented; thence South 89 degrees, 01 minutes, 37 seconds West, 2639.12 feet to the Southwest corner of the North half of the Northeast Quarter of said Section 3; thence North 00 degrees, 14 minutes, 29 seconds West, along the West line of the Northeast 1/4, 1313.89 feet to the intersection with the North line of said Section 3; thence South 89 degrees, 00 minutes, 17 seconds West, along the North line of said Section 3, 855.07 feet, to the Northeast corner of said Section 3, also being the Northeast corner of said Section 37; thence South 01 degrees, 40 minutes, 57 seconds East, along the common line between said Sections 3 and 37, and also the West line of a parcel as described in Official Records Book 1499, Page 456, of the public records of said County, 3916.40 feet to the Northerly Right-of-Way line of County Road #208 (Picolata Road) having a width of 66 feet, as now Monumented; thence South 82 degrees, 33 minutes, 03 seconds West, along said Northerly Right-of-Way line, 76.42 feet; thence North 15 degrees, 52 minutes, 39 seconds West, along the East line of a parcel as described in Official Records Book 902, Page 1997, of the public records of said County, 1580.32 feet; thence South 70 degrees, 40 minutes, 31 seconds West, along the Northerly line of last mentioned parcel, 758.91 feet; thence North 06 degrees, 08 minutes, 26 seconds West, along the Easterly line of a parcel as described in Official Records Book 1508, Page 1154, of the public records of said County, 697.30 feet; thence North 83 degrees, 51 minutes, 34 seconds East, along the Southerly line of a parcel as described in Official Records Books 1246, Page 1460, of the public records of said County, 167.97 feet; thence North 01 degrees, 39 minutes, 21 seconds West, along the Easterly line of last mentioned parcel, 1832.66 feet to the Southerly Right-of-Way line of State Road #13, having a width of 100 feet, said point of Right-of-Way is lying in a curve being concave to the Northwest, having a radius of 2003.48 feet, tangent length of 255.69 feet and central angle of 14 degrees, 32 minutes, 44 seconds; thence Northeasterly along said curve, 508.62 feet to the point of curvature of said curve; thence North 42 degrees, 05 minutes, 16 seconds East, along said Southerly Right-of-Way line, 1392.39 feet; thence South 47 degrees, 34 minutes, 21 seconds East, 805.98 feet; thence North 61 degrees, 17 minutes, 03 seconds East, 131.60 feet; thence South 67 degrees, 41 minutes, 11 seconds East, 620.99 feet; thence South 12 degrees, 18 minutes, 33 seconds West, 152.32 feet; thence South 11 degrees, 53 minutes, 30 seconds East, 1114.71 feet; thence North 88 degrees, 58 minutes, 46 seconds East 1779.84 feet to the POINT OF BEGINNING.

I HEREBY CERTIFY THAT THIS DOCUMENT IS A TRUE AND CORRECT COPY AS APPEARS ON RECORD IN ST. JOHNS COUNTY. FLORIDA WITNESS MY HAND AND OFFICIAL SEAL THIS 16TH DAY OF AUGUST 20 04
CHERYL STRICKLAND. CLERK

BY: _____ D.C.

FORM OBD-34
APR 1991

No. _____

# UNITED STATES DISTRICT COURT

Middle District of Florida
Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

THOMAS D. KING

## INDICTMENT

Violations:

18 U.S.C. 1341
18 U.S.C. 1343
18 U.S.C. 1956(a)(1)(A)(i)

A true bill,

_____
Foreperson

Filed in open court this 17th day

of February, A.D. 2005.

_____
Clerk

Bail $ _____

GPO 863 525

N:\_Criminal Cases\B\Brown, et al._2003R01325\Indictment\f_warrant_package.wpd