UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                          3:05-cr-52(S1)-J-33MMH

THOMAS D. KING
_____

**ORDER**

This matter comes before the Court on Defendant's Motion to Permit Defense Case Agent to Remain at Counsel Table (Doc. # 124), filed on January 24, 2006.  The United States filed its Response in Opposition (Doc. # 127) on January 27, 2006.

In his motion, Defendant requests permission for his case agent and representative, George Wisnovsky, to remain at counsel table during the course of the trial.  (Doc. # 124, p. 1.) Defendant argues that Mr. Wisnovsky's presence is essential to the presentation of his case and thus fits into the third exception to Rule 615 of the Federal Rules of Evidence.  See Fed. R. Evid. 615 ("At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses . . . This rule does not authorize the exclusion of . . . a person whose presence is shown by a party to be essential to the presentation of the party's case.")  Defendant states that Mr. Wisnovsky has assisted the defense with this case since May 2003, has interviewed a number of witnesses, reviewed countless documents, and is assisting with the preparation of this case for trial. ( Id. at p. 2.)  Defendant urges that Mr. Wisnovsky's presence is also necessary because the case is complex and involves

specialized subject matter.  Defendant's motion neglected to state whether Mr. Wisnovsky would be called as a witness, but upon the Court's inquiry at the Status Conference held on June 8, 2006, Defense counsel stated that Mr. Wisnovsky could be called for impeachment purposes.

The United States objects to Mr. Wisnovsky's presence at Defendant's counsel table.  The government argues that if the defense plans to call Mr. Wisnovsky, he should not be permitted to stay in the courtroom continuously, particularly not while siting at Defendant's counsel table.

Both parties cite to the Advisory Committee Notes appended to Federal Rule of Evidence 615.  The Committee Notes state that:

> Many district courts permit government counsel to have an investigative agent at counsel table throughout the trial although the agent is or may be a witness.  The practice is permitted as an exception to the rule of exclusion and compares with the situation defense counsel finds himself in— he always has the client with him to consult during the trial.  The investigative agent's presence may be extremely important to government counsel, especially when the case is complex or involves some specialized subject matter.  The agent, too, having lived with the case for a long time, may be able to assist in metting trial surprises where the best-prepared counsel would otherwise have difficulty.

Fed. R. Evid. 615.  The Advisory Committee Notes go on to say that the most logical reason why a government case agent is permitted at counsel table is that he or she is "an officer or employee of a party which is not a natural person designated as its representative by its attorney."  In other words, it was the committee's opinion that the government's case agent is permitted because the agent is a representative of a party that is not a

natural person (the government), not because the case agent is essential to the presentation of the government's case. Because Defendant is a natural person, the logic allowing the government's case agent does not extend to his case agent.

In denying the motion at hand, the Court relies upon the Fifth Circuit's reasoning in In Re United States, 584 F.2d 666, 667 (5th Cir. 1978), which recognized that "[a]lthough Rule 615 does not expressly provide that a government investigative agent can also be a designated representative for the purpose of exception (2), the legislative history of the Rule indicates that the exception was designed to include" government case agents. Furthermore, In Re United States noted that the Senate Committee on the Judiciary "stated that the *second* exception was designed to allow the agent to remain in the courtroom." Id. at 667 (emphasis added).

The Court also notes that "[b]ecause of its important role in reaching the truth, Rule 615 carries a presumption favoring sequestration. Accordingly, we construe the rule's exemptions 'narrowly in favor of the party requesting sequestration.' For the same reason, the party seeking to avoid sequestration of a witness bears the burden of proving that a Rule 615 exception applies." Opus 3 Ltd. V. Heritage Park, Inc., 91 F.3d 625, 628 (4th Cir. 1996).

Of course, it is also noteworthy that the Tenth Circuit affirmed a district court's decision to exclude the defendant's investigator from the defense table under circumstances similar to this case. USA v. Tyler, 42 Fed. Appx. 186, 197 (10th Cir. 2002).

In <u>Tyler</u>, the defendant argued that his investigator would have helped the defense attorney sort through the government's telephone recordings and could have helped with impeaching some witnesses based on those recordings. <u>Id.</u> In affirming the district court, the Tenth Circuit noted that

> [t]here is no basis for concluding that the district court abused its discretion in determining that the danger of the investigator shaping his testimony based on the testimony of other witnesses outweighed Tyler's need to have the investigator at the defense table. Presumably, the investigator would have helped identify the potentially impeaching recordings prior to trial. There is no reason to doubt the ability of Tyler's counsel to utilize those recordings as needed during the trial.

<u>Id.</u>

In this case, defense counsel complains that he "will be unable to manage [] voluminous documents at trial without the benefit and assistance of Mr. Wisnovsky. Nor will he be able to coordinate the large number of witnesses or coordinate the exhibits and lengthy exhibit lists, all of which are compounded by the extensive litigation history of this case . . ." (Doc. # 124, p. 2.) However, the inherent risk exists that if permitted to remain at counsel table, Mr. Wisnovsky might shape his testimony—intentionally or unintentionally— based on the testimony of other witnesses. Of course, if he will not be called to testify, then he is permitted to remain at counsel table.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant's Motion to Permit Defense Case Agent to Remain at Counsel Table (Doc. # 124) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 9th day of June, 2006.

                                                                              _____
                                                                              VIRGINIA M. HERNANDEZ COVINGTON
                                                                              UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record